UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

GABRIELLE HOPKINS                                              PLAINTIFF

VS.                                    CIVIL ACTION NO.: 3:09CV230TSL-JCS

THE STATE OF MISSISSIPPI; MISSISSIPPI
DEPARTMENT OF PUBLIC SAFETY; MISSISSIPPI
HIGHWAY PATROL; ROBERT BRADLEY, INDIVIDUALLY,
AND IN HIS OFFICIAL CAPACITY AS STATE TROOPER
WITH THE MISSISSIPPI HIGHWAY PATROL;
ROBERT BRADLEY, INDIVIDUALLY, AND IN HIS
OFFICIAL CAPACITY AS LOSS PREVENTION OFFICER
WITH DILLARD'S INC.; LARRY FISHER,
INDIVIDUALLY, AND IN HIS
OFFICIAL CAPACITY AS LOSS PREVENTION
OFFICER DILLARD'S INC.; DILLARD'S INC.;
DILLARD'S INC. F/K/A DILLARD DEPARTMENT
STORES, INC.; AND THE HIGBEE COMPANY
D/B/A DILLARD'S INC.                                          DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendants, the State of Mississippi, the Mississippi Department of Public Safety, the Mississippi Highway Patrol, and Robert Bradley, only in his official capacity as a state trooper, to dismiss. Plaintiff Gabrielle Hopkins has responded in opposition to the motion and the court, having considered the memoranda of authorities submitted by the parties, concludes that the motion is well taken and should be granted.

On March 30, 2007, upon exiting the Dillard's Department Store at Northpark Mall in Ridgeland, plaintiff was stopped and accused of shoplifting by Robert Bradley, a loss prevention

officer employed by Dillard's. According to plaintiff's complaint, notwithstanding that he had no probable cause to believe she had shoplifted anything, Bradley physically apprehended and restrained her and forcefully escorted her through the store to an office where he detained her until officers with the City of Ridgeland Police Department arrived and took her into custody upon Bradley's advising that Dillard's intended to press charges against her. Plaintiff alleges that Bradley, and his fellow loss prevention officer Larry Bridges, falsely represented to her and to the police officers that they possessed a videotape of her alleged offense, when in fact no such videotape existed. Plaintiff was ultimately indicted and tried for felony shoplifting, and was found not guilty.

Following her acquittal, plaintiff filed this lawsuit asserting a federal claim under 42 U.S.C. § 1983 and putative state law causes of action for false arrest/false imprisonment, assault and battery, malicious prosecution, "violation of rights," negligence and gross negligence, and intentional infliction of emotional distress. Plaintiff has sued Dillard's, and Larry Fisher and Robert Bradley "individually and in [their] official capacit[ies] as loss prevention officer[s] with Dillard's"; and, based on allegations that Bradley, in addition to his private employment at Dillard's, was also employed as a state trooper by the Mississippi Department of Public Safety, plaintiff has also

2

sued the State of Mississippi, the Mississippi Department of Public Safety, the Mississippi Highway Patrol and Robert Bradley, in his individual capacity and his official capacity as a state trooper employed by the Mississippi Department of Public Safety/Highway Patrol.  In response in plaintiff's complaint, the State of Mississippi, the Mississippi Department of Public Safety, the Mississippi Highway Patrol and Bradley, only in his official capacity as a state trooper (collectively "the State defendants"), have moved to dismiss on the basis of Eleventh Amendment immunity.

The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State...."  The Supreme Court has held that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State."  Edelman v. Jordan, 415 U.S. 651, 662-663, 94 S. Ct. 1347, 1355, 39 L. Ed. 2d 662 (1974).  In response to the State defendants' motion, plaintiff does not challenge their contention that the Eleventh Amendment bars her claims against the State itself and the defendant state agencies, the Mississippi Department of Public Safety and the Mississippi Highway Department, which are arms of the State.  However, citing Ex Parte Young, she argues that the Eleventh Amendment does not bar a suit such as hers against a state official who is alleged to be acting

3

in violation of federal law.  Plaintiff's reliance on Ex Parte Young is not well founded and her position is without merit.

Under the Eleventh Amendment, in the absence of a waiver, neither a State, nor its agencies, *nor its officials sued in their official capacities*, may be subject to suit in federal court.  See Welch v. Texas Dept. of Highways and Public Transportation, 483 U.S. 468, 480, 107 S. Ct. 2941, 2949-50, 97 L. Ed. 2d 389 (1987) (plurality opinion); see also Will v. Michigan Dept. of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 2309, 2311, 105 L. Ed. 2d 45 (1989) ("[A] suit against a state official in his official capacity is not a suit against the official but rather is a suit against the official's office.  As such, it is no different from a suit against the State itself.").

The Eleventh Amendment prohibits suits against state officials acting in their official capacities where the plaintiff seeks monetary relief, or retroactive injunctive or declaratory relief based on allegations that the defendant state officials violated federal law.  See Pennhurst State School v. Halderman, 465 U.S. 89, 102-03, 104 S. Ct. 900, 909 (citing Edelman, 415 U.S. 651, 94 S. Ct. 1347); P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146, 113 S. Ct. 684, 121 L. Ed. 2d 605 (1993) (stating that the Eleventh Amendment "does not permit judgments against state officers declaring that they violated federal law in the past").  Ex Parte Young, 209 U.S. 123, 28 S.

Ct. 441, 52 L. Ed. 714 (1908), carves out a narrow exception to Eleventh Amendment immunity by permitting suits for prospective relief against state officials for violations of federal or constitutional law by those officials. See Pennhurst, 465 U.S. at 102, 104 S. Ct. at 909. However, the exception only applies where the plaintiff alleges a violation of federal law against an individual in his official capacity as an agent of the state and the plaintiff seeks prospective declaratory or injunctive relief. See Aguilar v. Texas Dep't of Criminal Justice, 160 F.3d 1052, 1054 (5th Cir. 1998) ("To meet the Ex Parte Young exception, a plaintiff's suit alleging a violation of federal law must be brought against individual persons in their official capacities as agents of the state, and the relief sought must be declaratory or injunctive in nature and prospective in effect."); Neuwirth v. Louisiana State Bd. of Dentistry, 845 F.2d 553, 555 (5th Cir. 1988) (Ex Parte Young exception "enables a federal court to entertain a suit for prospective relief against a defendant state officer upon allegations that he violated federal law, based on the legal fiction that a state officer cannot then be acting pursuant to state authority"). Plaintiff here alleges a past violation of federal law for which she seeks only a monetary remedy; she does not purport to seek prospective relief of any sort. Accordingly, Ex Parte Young is inapplicable, and the Eleventh Amendment clearly applies to bar plaintiff's federal claim.

The Eleventh Amendment also bars plaintiff's state law tort claims against all the State defendants, including Bradley *in his official capacity*. The Mississippi Tort Claims Act, pursuant to which these tort claims are brought, expressly preserves all immunities granted by the Eleventh Amendment. See Miss. Code Ann. § 11-46-5(4) ("Nothing contained in this chapter shall be construed to waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."); Black v. North Panola School Dist., 461 F.3d 584, 594 (5th Cir. 2006) (citing Miss. Code Ann. § 11-46-5(4)). To the extent plaintiff is alleging that Bradley was acting in the course and scope of his public employment *as a state trooper*, i.e., was acting in his "official capacity," then by virtue of the Eleventh Amendment, neither he nor the other State defendants is subject to suit in this court.

In so holding, the court would emphasize that as to Bradley, the State defendants are only seeking and the court is only granting dismissal of plaintiff's claims against him in his *official capacity.* They have not sought dismissal of any of plaintiff's claims against Bradley, federal or state, in his individual capacity. That being the case, and given that plaintiff has pleaded various and/or alternate theories and bases of the various defendants' potential liability, the court would make clear that it does not herein intimate any opinion or ruling on the question whether Bradley was acting in his capacity *as a*

6

*state trooper* when he stopped and detained plaintiff and made out charges against her for shoplifting, or whether these actions were taken in his capacity as a private loss prevention officer for Dillard's.[1] Neither does the court express any opinion as to whether or not Bradley, *if* he was acting in his public capacity, was acting in the course and scope of his employment, i.e., in his "official capacity."[2] The court holds only that plaintiff's claims against the State of Mississippi, the Mississippi

---

[1] In this vein, courts have recognized in the § 1983 context that "a police officer's duty status is [not] determinative of whether his actions are 'under color of law[,]'" and that "[t]he actions of police officers may well be under color of law, though they are off-duty." See Gaston v. Roach, No. 4:08CV038-M-D, 2009 WL 691274, 3 (N.D. Miss. Mar. 11, 2009) (citing Lewis v. Dillard's Inc., 2005 WL 354010 (E.D. Tex. Feb. 5, 2005) (off-duty police officer employed by Dillard's was acting under color of law when he detained a customer for suspected shoplifting and therefore his private employer had no liability for his actions)). The analysis applicable to the "color of law" inquiry would also be pertinent to a determination of the capacity in which an officer is acting for purposes of potential MTCA liability.

[2] With particular reference to plaintiff's state law claims, the court recognizes that *if* Bradley was acting in his capacity as a public employee, then to the extent plaintiff is alleging that Bradley acted with malice and thereby exceeded the course and scope of his employment, he could potentially be held individually or personally liable. See Miss. Code Ann. § 11-46-7(2) (providing that an employee of a governmental entity "shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense"). Of course, under the MTCA, Bradley's public employer, the Mississippi Department of Public Safety/Highway Patrol, could only be liable for his actions if Bradley was acting in the course and scope of his employment, see id; but the Eleventh Amendment bars any claim against his public employer in *this court*, even for actions in the course and scope of his employment.

7

Department of Public Safety, the Mississippi Highway Patrol and the *official capacity* claims against Bradley are due to be dismissed on the basis of Eleventh Amendment immunity.

Based on the foregoing, it is ordered that the motion of the State of Mississippi, the Mississippi Department of Public Safety, the Mississippi Highway Patrol, and Robert Bradley, only in his official capacity as a state trooper, to dismiss, is granted.

SO ORDERED this 23rd day of June, 2009.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE